KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
DAVID M. KOHN (SBN 246756)
dkohn@lewiskohn.com
MICHAEL T. LANE (SBN 248624)
mlane@lewiskohn.com
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
INDYME SOLUTIONS, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDYME SOLUTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ZIH CORP., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. '17CV0189 DMS KSC<br><br>**COMPLAINT FOR:**<br><br>**FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**FEDERAL UNFAIR COMPETITION;**<br><br>**CALIFORNIA UNFAIR COMPETITION;**<br><br>**COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff INDYME SOLUTIONS, LLC, appearing through undersigned counsel, states as follows:

## PARTIES

1. Plaintiff INDYME SOLUTIONS, LLC is a Delaware corporation (hereinafter, "Plaintiff" or "Indyme") duly organized and existing under the laws of the State of Delaware with its principal place of business at 8295 Aero Place, San Diego, California 92123.

2. Plaintiff is informed and believes and based thereon alleges that Defendant ZIH CORP. (hereinafter, "ZIH" or "Defendant(s)") is a corporation existing under the laws of the State of Delaware with its principal place of business at 3 Overlook Drive, Lincolnshire, Illinois 60069. On information and belief, ZIH is engaged in the production, advertising and sale of computer software, hardware, and services.

3. Plaintiff is presently uninformed of the true names or capacities of the defendants sued herein under the fictitious names DOES 1-10, inclusive (collectively hereinafter, "Defendants"). Plaintiff is informed and believes, and thereupon alleges, that these Defendants fictitiously named as Doe engaged in, or are in some manner responsible for, the wrongful conduct and damages to Plaintiff alleged herein. Plaintiff therefore sues these Defendants by such fictitious names and will amend or seek leave to amend this pleading to substitute the true names and capacities of said Doe Defendants when they are ascertained.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

4. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), for unfair competition under the statutory law of California and for trademark infringement and unfair competition under the common law.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law and/or common law.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) because, among other reasons: Plaintiff does business in this judicial district; and Plaintiff is informed and believes and based thereon alleges that Defendants' products and services are offered for sale and sold in this judicial district; Defendants' own, operate and/or control interactive websites that display and promote Defendants' products and services and establish communication and commerce on-line with parties who are interested in Defendants' products and services, including parties in this judicial district; Defendants solicit and have done business selling their goods and services in this judicial district and this State and thereby purposefully availed themselves of the privilege of doing business in this State and in this judicial district; Defendants have committed acts of infringement and unfair competition in this judicial district; Defendants are subject to personal jurisdiction in this judicial district; and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district or a substantial part of property that is the subject of the action is situated in this judicial district. The claims alleged herein arise out of or are related to the Defendants' forum-related activities and the exercise of jurisdiction herein is otherwise reasonable.

## PLAINTIFF INDYME AND ITS MARKS

7. Plaintiff is engaged in the production, advertising and sale of software and devices used to detect, process and analyze shopper interaction with merchandise, along with related services.

8. Plaintiff commenced use of the SMART-SENSE mark in commerce in connection with its products and services at least as early as 2013.

9. Plaintiff commenced use of the SMART SENSE mark in commerce in connection with its products and services at least as early as 2014.

10. The SMART-SENSE and SMART SENSE marks, including without limitation, those registered with and applied for with the United States Patent and Trademark Office ("USPTO") as identified herein, including SMART-SENSE, SMART SENSE, SMART

SENSE DWELL and SMART SENSE TOUCH, are collectively referred to herein as Plaintiff's Marks (or the "Marks"). The Marks are owned exclusively by Plaintiff.

11. On February 18, 2014, Plaintiff filed an application with the USPTO for registration of the mark SMART-SENSE in International Class 09 in connection with "Electronic devices used to detect, process, and analyze shopper interaction with merchandise; Computer software system used to manage information regarding shopper interaction with merchandise." The application was granted Registration No. 4,609,338 on September 23, 2014. A copy of the registration is attached hereto as **Exhibit "A"** and is incorporated herein by this reference. This registration is valid and subsisting.

12. On September 4, 2015, Plaintiff filed an application with the USPTO for registration of the mark SMART SENSE DWELL in International Class 09 in connection with "Electronic devices used to detect, process, and analyze shopper interaction with merchandise; Computer software used to manage information regarding shopper interaction with merchandise." The application was published for opposition on March 8, 2016. A copy of this application and status information concerning this application from the USPTO website www.uspto.gov is attached hereto as **Exhibit "B"** and is incorporated herein by this reference.

13. On September 4, 2015, Plaintiff filed an application with the USPTO for registration of the mark SMART SENSE TOUCH in International Class 09 in connection with "Electronic devices used to detect, process, and analyze shopper interaction with merchandise; Computer software used to manage information regarding shopper interaction with merchandise." The application was published for opposition on March 8, 2016. A copy of this application and status information concerning this application from the USPTO website www.uspto.gov is attached hereto as **Exhibit "B"** and is incorporated herein by this reference.

14. On January 19, 2017, Plaintiff filed an application with the USPTO for registration of the mark SMART SENSE in International Class 09 in connection with

"Electronic devices used to detect, process, and analyze shopper interaction with merchandise; Computer software system used to manage information regarding shopper interaction with merchandise." The application is currently awaiting examination. A copy of this application and status information concerning this application from the USPTO website www.uspto.gov is attached hereto as **Exhibit "B"** and is incorporated herein by this reference.

15. Plaintiff's Marks are inherently distinctive. Each of the Marks serves to identify and indicate the source of Plaintiff's goods and services to the consuming public, and to distinguish its goods and services from those of others, including those advertised and sold by Defendants. Plaintiff has used and promoted the Marks in advertising, promotion, and various other ways. Plaintiff's sales and advertising expenditures under the Marks have been extensive. Plaintiff has invested considerable effort and resources in advertising and promoting its products and services using the Marks. Plaintiff advertises on the internet, in other publications, at trade shows and other venues and media.

16. As a result of Plaintiff's usage and promotion of the Marks, the Marks are distinctive to designate Plaintiff, and they distinguish Plaintiff and its goods and services from others, including those advertised and sold by Defendants. The Marks are well-known and widely recognized to consumers, and Plaintiff has developed exclusive and valuable goodwill and strong federal, state and/or common law rights in the Marks as a result of the usage and promotion of the Marks.

17. Pursuant to the Lanham Act, Plaintiff's registration identified above constitutes prima facie evidence of: (a) validity of the SMART-SENSE mark and of the registration of that mark; (b) Plaintiff's ownership of the SMART-SENSE mark; and (c) Plaintiff's exclusive right to use the SMART-SENSE mark on or in connection with goods and/or services stated in the registration. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, Plaintiff's registration constitutes constructive notice of Plaintiff's claim of ownership of the SMART-SENSE marks. See 15 U.S.C. § 1072.

## DEFENDANTS' ACTIVITIES

18. Years after Plaintiff began using and registered the SMART-SENSE mark, and after Plaintiff began using the SMART SENSE mark, Defendants started advertising and selling products, including computer hardware and software and other related products and services, with trademarks confusingly similar to the Marks.

19. On January 18, 2017, Defendants filed an intent to use in commerce application with the USPTO, Serial No. 87/306,136, for registration of the mark ZEBRA SMARTSENSE in International Classes 09, 037, and 042 in connection with:

a. computer hardware; computer networking hardware; antennas; transponders; wireless routers; encoded tags for passive labeling, and tracing or tracking of goods of any kind; electronic article, object surveillance and detection equipment, namely, video cameras, radio frequency identification (RFID) tags, labels, readers, sensors, transmitters, receivers and electrical controllers; electronic surveillance and tracking equipment, namely, inventory control and anti-theft tags and labels; scanners; motion sensors, optical beam sensors, infrared sensors and sensors for detecting, counting and tracking people and inventory; computer software used to operate, control, monitor, and manage inventory control systems, people tracking devices, asset tracking devices, and loss detection devices; computer software used for inventory control and analysis, business and retail performance and analysis, asset tracking, loss prevention, supply chain, and people counting and tracking; computer hardware and computer software real-time location system for use in the field of determining the physical location of a variety of objects such as vehicles, inventory, containers, equipment or products, and personnel; computer hardware and software for identifying, locating or tracking assets, equipment or people; computer hardware and operating software for real-time location systems; computer analytics software that aggregates and correlates RFID, micro-locationing and video data

b. Installation, repair and maintenance of computer hardware and peripherals, anti-theft alarms, inventory control systems, theft-prevention devices, people tracking devices and asset tracking devices

c. Design and development of computer hardware and software; design and development of motion sensors, optical beam sensors, infrared sensors and sensors for detecting, counting and tracking people and inventory; design and development of electronic surveillance and tracking equipment, namely, video cameras, inventory control and anti-theft tags and labels; technological consultation in the technology field of electronic article and object tracking and detection; technical support services, namely, troubleshooting of computer hardware and software problems and problems with inventory control systems, people tracking devices and asset tracking devices; providing temporary use of non-downloadable computer software used for inventory control and analysis, asset tracking, retail activity analysis, and people counting and tracking; design, repair and installation of computer software; store traffic analysis services, namely, software as a service for recording and reporting shopper traffic based upon people and asset counting sensors and monitoring cameras.

The application is currently awaiting examination. A copy of this application and status information concerning this application from the USPTO website www.uspto.gov is attached hereto as **Exhibit "C"** and is incorporated herein by this reference.

20. Plaintiff is informed and believes and based thereon alleges that in about January 2017, Defendants also began using the mark ZEBRA SMARTSENSE, including the term SMARTSENSE itself, in commerce in promoting the sale of products and services via the internet, trade shows and other means of commerce. A copy of examples of Defendants' usage of the mark ZEBRA SMARTSENSE, including the term SMARTSENSE itself, from its website www.zebra.com is attached to the Complaint as **Exhibit "D"** and is incorporated herein by this reference.

21. The ZEBRA SMARTSENSE mark, including the term SMARTSENSE whether in combination with ZEBRA or by itself, is referred to herein as the "Infringing Marks."

22. Defendants' use of the same or substantially similar marks, including the Infringing Mark, as Plaintiff's Marks to advertise and sell the same or substantially similar products produced by Plaintiff in the same or substantially similar channels and locations of commerce is without the permission, license or authority of Plaintiff, and such use violates Plaintiff's federal and common law rights in the Marks.

23. Defendants began their infringement of the Marks with full knowledge of Plaintiff's prior registration and/or use of the Marks. Plaintiff is informed and believes and based thereon alleges that Defendants undertook these actions with the intent of confusing consumers, so that they could trade on and receive the benefit of the goodwill built up by Plaintiff at great labor and expense over many years.

## EFFECT OF DEFENDANTS' ACTIVITIES ON CONSUMERS AND/OR INDYME

24. Defendants' use of the Infringing Marks in the manner described above is likely to confuse and/or has actually confused customers and potential customers of the parties as to whether some affiliation, connection or association exists between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of the parties' goods and/or services. Plaintiff is informed and believes and based thereon alleges that Defendants' conduct creates the likelihood of both forward confusion, whereby the public is deceived into believing that Defendants' Infringing Marks, goods and services are produced, provided, endorsed, or authorized by Plaintiff, and reverse confusion, whereby the public is deceived into believing that Plaintiff's Marks, goods and services are produced, provided, enforced, or authorized by Defendants, or alternatively, that Plaintiff is an imitator and infringer of Defendants and their name and Infringing Marks.

25. Defendants' use of the Infringing Marks in the manner described above falsely indicates to the purchasing public that the goods and/or services of Defendants originate with

Plaintiff, or are affiliated, connected or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff.

26. Defendants' use of the Infringing Marks in the manner described above falsely designates the origin of the goods and/or services of Defendants, and falsely and misleadingly describes and represents material facts with respect to the goods, websites and/or commercial activities of Defendants.

27. Defendants' use of the Infringing Marks in the manner described above enables Defendants to trade on and receive the benefit of goodwill in those marks, which Plaintiff has built up at great labor and expense over many years.

28. Defendants' use of the Infringing Marks in the manner described unjustly enriches Defendants at Plaintiff's expense.

29. Defendants' use of the Infringing Marks in the manner described above, especially in light of its size, marketing reach and market share, prevents Plaintiff from controlling the nature and quality of goods and services provided under those marks and places the valuable reputation and goodwill of Plaintiff in Defendants' hands, over whom Plaintiff has no control and could swamp the goodwill that Plaintiff has spent many years to establish.

30. The activities of Defendants have caused irreparable injury to Plaintiff and to the public, and unless restrained by this Court, will continue to cause irreparable injury to Indyme and to the public. There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

*The SMART-SENSE Mark*

31. Plaintiff repeats the allegations from paragraphs 1-30 above as if fully set forth herein.

32. The acts of Defendants complained of herein constitute infringement of federally registered trademark SMART-SENSE (Registration No. 4,609,338) in violation of 15 U.S.C. § 1114(1).

33. Defendants' unauthorized use of the Infringing Marks in commerce in connection with its products and services is likely to deceive or to cause confusion or mistake among customers as to the origin, sponsorship, or approval of the Defendants' products and services and/or to cause confusion or mistake as to any affiliation, connection, or association between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(a).

34. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement of Plaintiff's registered mark as described and alleged herein has been and continues to be intentional, willful, and without regard to Plaintiff's registered rights.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement.

36. Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement in an amount to be proven at trial.

37. Plaintiff will suffer and is suffering irreparable harm from Defendants' infringement insofar as Plaintiff's invaluable goodwill is being eroded by Defendants' continuing infringement. Plaintiff has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Defendants' infringing activities. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an injunction against Defendants' continuing infringement. Unless enjoined, Defendants will continue their infringing conduct.

38. Because Defendants' actions have been committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to Defendants' profits, treble Plaintiff's actual damages, an award of costs, and, this being an exceptional case, reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

*Indyme's Marks*

39. Plaintiff repeats the allegations from paragraphs 1-38 above as if fully set forth herein.

40. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Plaintiff is informed and believes, and on that basis alleges that Defendants' unfair competition and false designation of origin has been and continues to be intentional, willful, and without regard to Plaintiff's rights in its Marks.

42. Plaintiff is informed and believes, and on that basis alleges, that Defendants gained profits by virtue of their unfair competition and false designation of origin.

43. Plaintiff has sustained damages as a direct and proximate result of unfair competition and false designation of origin in an amount to be proven at trial.

44. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendants' conduct insofar as Plaintiff's invaluable goodwill is being eroded by Defendants' continuing unfair competition and false designation of origin, and Plaintiff lacks an adequate remedy at law to compensate for this harm and damage. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an injunction against Defendants' continuing infringement of the Infringing Marks and unfair competition and false designation of origin. Unless enjoined, Defendants will continue their infringing and otherwise illegal conduct.

45. Because Defendants' actions have been willful, Plaintiff is entitled to Defendants' profits, treble Plaintiff's actual damages, an award of costs, and, this being an exceptional case, reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III: UNFAIR COMPETITION UNDER STATE LAW

46. Plaintiff repeats the allegations from paragraphs 1-45 above as if fully set forth herein.

47. The above described acts constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 and unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and therefore are unlawful acts in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

48. The above described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.

49. Plaintiff is informed and believes and on that basis alleges that Defendants acted willfully and intentionally in using the Infringing Marks with full knowledge of Plaintiff's prior rights in its Marks and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendants and Plaintiff or between Defendants' products and services and Plaintiff's products and services.

50. The unlawful and fraudulent business practices of Defendants described above present a continuing threat to, and are meant to deceive members of the public in that Defendants continue to promote their products by wrongfully using the Infringing Marks and infringing Plaintiff's Marks.

51. Plaintiff is informed and believes and on that basis alleges that, as a direct and proximate result of these acts, Defendants have received, and will continue to profit from, the strength of the Marks.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court. Plaintiff has no adequate remedy at law for Defendants' continuing violation of Plaintiff's rights.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiff repeats the allegations from paragraphs 1-52 above as if fully set forth herein.

54. The acts of Defendants complained of herein constitute infringement of Plaintiff's common law trademark rights in the Marks.

55. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

56. Plaintiff has developed substantial common law rights in and to the Marks.

57. By their acts, Defendants have infringed Plaintiff's Marks by seeking to register and using confusingly similar marks in commerce in the state of California and elsewhere in a way that is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendants and their purported services or products.

58. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill, and Defendants have and will continue to be unjustly enriched by acquiring income, profits and goodwill to which they are not entitled.

59. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendants to cease and desist their infringing conduct.

60. Defendants committed their wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendants' conduct therefore justifies an award of exemplary damages.

## COUNT V: COMMON LAW UNFAIR COMPETITION

61. Plaintiff repeats the allegations from paragraphs 1-60 above as if fully set forth herein.

62. The acts of Defendants complained of herein constitute common law unfair competition.

63. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

64. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill, and Defendants have and will continue to be unjustly enriched by acquiring income, profits and goodwill to which they are not entitled.

65. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendants to cease and desist their unlawful conduct.

66. Defendants committed their wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendants' conduct therefore justifies an award of exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

1. Defendants, their parents, subsidiaries, directors, officers, members, managers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained:

a. From using the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark,

name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

b. From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples and the like) containing the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

c. From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

d. From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's Marks;

e. From committing any acts or making any statements calculated, or reasonably foreseeable consequence of which would be, to infringe any of Plaintiff's trademark rights in Plaintiff's Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants, and;

f. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Consistent with paragraph (1) above, Defendants be ordered to remove from sale or display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing the Infringing Marks, or Plaintiff's Marks, or any word or words confusingly

similar thereto. Defendants also be ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an injunction, a written report detailing gross sales of any goods or services in connection with the Infringing Marks, Plaintiff's Marks, or any word or words confusingly similar thereto.

3. Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing the Infringing Marks, or Plaintiff's Marks, or any other mark, name, or designation that includes the Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

4. Defendants be ordered to voluntarily withdraw and abandon their USPTO Application Serial No. 87/306,136 for ZEBRA SMARTSENSE with prejudice.

5. Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6. Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

7. Pursuant to 15 U.S.C. § 1117, Indyme be awarded treble damages and attorneys' fees for willful infringement.

8. An accounting be directed to determine the profits of Defendants resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

9. Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

10. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

11. Plaintiff be awarded prejudgment and post-judgment interest.

12. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully Submitted,

Dated: January 31, 2017

LEWIS KOHN & WALKER LLP
By:

s/ Kent M. Walker
KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
Attorneys for Plaintiff
INDYME SOLUTIONS, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Indyme Solutions, LLC hereby demands trial by jury.

Dated: January 31, 2017

LEWIS KOHN & WALKER LLP
By:

s/ Kent M. Walker
KENT M. WALKER (SBN 173700)
Attorneys for Plaintiff
INDYME SOLUTIONS, LLC